No. 83–6080.   RECTOR v. ARKANSAS.   Sup. Ct. Ark.   Certiorari denied.

JUSTICE MARSHALL, with whom JUSTICE BRENNAN joins, dissenting.

Adhering to my view that the death penalty is under all circumstances cruel and unusual punishment forbidden by the Eighth and Fourteenth Amendments, *Gregg* v. *Georgia,* 428 U. S. 153, 231 (1976) (MARSHALL, J., dissenting), I would vacate the judgment of the Supreme Court of Arkansas insofar as it left undisturbed the death sentence imposed in this case.   However, even if I believed that capital punishment were constitutional under certain circumstances, I would vote to grant this petition because it raises an important and unresolved question about the composition of juries in capital cases.

Petitioner claims that he was denied his rights under the Sixth and Fourteenth Amendments to have his guilt determined by a fair cross-section of the community.   Individuals with conscientious objections to the death penalty were excluded from participating in the liability phase of petitioner's trial.   Even if it is permissible for the State to bar such jurors from serving on sentencing juries, see *Witherspoon* v. *Illinois,* 391 U. S. 510 (1968), there is a substantial question whether they may also be excluded from the guilt-determination process, particularly in light of recently compiled empirical evidence that jurors who favor the death penalty are more likely to vote to convict defendants than jurors who oppose capital punishment.   See Berry, Death-Qualification and the "Fireside Induction," 5 UALR L. J. 1 (1982); Winick,

---

Prosecutorial Peremptory Challenge Practices in Capital Cases: An Empirical Study and a Constitutional Analysis, 81 Mich. L. Rev. 1 (1982).

There can be no doubt that petitioner's claim raises a substantial issue of federal constitutional law. In the past, this Court has acknowledged the potential validity of this issue. See, *e. g.*, *Bumper* v. *North Carolina*, 391 U. S. 543, 545 (1968); *Witherspoon* v. *Illinois, supra,* at 516–518. Again this Term, the claim has come to the attention of the Court. *Woodard* v. *Hutchins,* 464 U. S. 377, 379 (1984) (POWELL, J., concurring); *id.,* at 382 (BRENNAN, J., dissenting). Although the Supreme Court of Arkansas rejected the claim in this case, a Federal District Court in that State recently granted a writ of habeas corpus raising precisely the same claim. See *Grigsby* v. *Mabry,* 569 F. Supp. 1273 (ED Ark. 1983), appeal pending, No. 83–2113 (CA8). These two decisions are squarely in conflict. In light of the conflict, the State of Arkansas "joins petitioner in requesting that this Court grant certiorari to decide this issue as a matter of federal constitutional law." Brief for Respondent 2. Were this not a capital case, I seriously doubt whether this Court would ignore the request of the Arkansas Attorney General to address this unsettled area of federal law.

I dissent.