Robert JENNINGS *v.* STATE of Arkansas

CR 85-229                                    709 S.W.2d 69

Supreme Court of Arkansas
Opinion delivered May 12, 1986

*Henry & Moore*, by: *John R. Henry*, for appellant.

*Steve Clark*, Att'y Gen., by: *Jerome T. Kearney*, Asst. Att'y Gen., for appellee.

DARRELL HICKMAN, Justice. Robert Jennings was convicted of raping his ten year old stepdaughter and sentenced to life imprisonment. On appeal he makes one argument: the physician who examined the victim was improperly allowed to testify to her opinion on the ultimate issue, that issue being Jennings' guilt. That was not the opinion expressed nor was this precise objection made to the trial court. We affirm.

Dr. Yoland Condrey testified that her examination of the victim revealed an old, well-healed scar around the hymen, distension of the vaginal opening, and a small amount of white discharge. She said the victim's history and examination were consistent with penetration by an adult penis on more than one occasion. An objection was made to the doctor's basing this conclusion on medical history. No mention was made of "ultimate issue." The doctor later said a history of sexual abuse or penetration or attempted penetration was important in connection with such an examination. She concluded by giving her opinion that penetration occurred by an adult penis.

The defense, in part, was that the victim's 14 year old half-brother had had sexual intercourse with the victim. The argument on appeal is that Dr. Condrey's opinion that the victim was abused by an adult was an opinion on the ultimate issue since that opinion would negate the half-brother's involvement.

The opinion given was not the ultimate issue to be decided, that being whether Jennings was guilty. Unif. R. Evid., Rule 704 provides:

Opinion on ultimate issue . . . Testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact.

No argument is made on appeal that an expert could not form such an opinion on the basis expressed by Dr. Condrey. Moreover, the doctor testified that her findings might be consistent with intercourse with a 14 year old, depending on the maturity of the male.

Affirmed.

PURTLE, J., not participating.