Samuel Edward DAVID *v.* STATE of Arkansas

CR 87-157                                748 S.W.2d 117

Supreme Court of Arkansas
Opinion delivered March 28, 1988

*Chris E. Williams*, for appellant.

*Steve Clark*, Att'y Gen., by: *Olan W. Reeves*, Asst. Att'y

Gen., for appellee.

DARRELL HICKMAN, Justice. Samuel Edward David was convicted of capital felony murder for killing Danny Whitfield in exchange for money. He was sentenced to life imprisonment without parole. On appeal he raises seven points for reversal. We find no reversible error and affirm.

The first charge against David was *nolle prossed* in 1985. In 1986 the prosecutor refiled the charge against David. Vanessa and David Clift and Thomas Ivy were granted immunity in exchange for their testimony.

On the morning of September 30, 1983, Danny Whitfield was found dead on a Hot Spring County road. A tree was lying across the road in front of Whitfield's truck, which was still running when he was found. Apparently Whitfield got out of his truck when he drove up to the tree and was shot two or three times at close range with a shotgun. There was evidence that Whitfield's wife, Donna, paid the appellant to kill her husband. Vanessa and David Clift testified that the appellant had asked them to kill Whitfield. At first they agreed but later backed out. Appellant then borrowed a shotgun from Thomas Ivy and killed Whitfield himself. These are the facts as stated most favorably to the state. *Coleman v. State*, 283 Ark. 359, 676 S.W.2d 736 (1984).

■ Appellant's first argument is that the trial judge should have recused since he signed a search warrant in the case. In *Holloway v. State*, 293 Ark. 438, 738 S.W.2d 796 (1987), we held that Canon 3(C)(1)(a) of the Code of Judicial Conduct does not necessarily require a judge to recuse in such cases. The appellant has failed to demonstrate that the judge was wrong in failing to recuse.

■ Appellant's second argument is that the trial court erred in allowing witnesses to testify regarding certain threats against the sheriff and other witnesses made by appellant. This evidence came out primarily on cross-examination of the sheriff, who was asked about restrictions on David's visitation rights while he was in jail. The appellant opened the door to such testimony. *See Berry v. State*, 278 Ark. 578, 647 S.W.2d 453 (1983); *Poyner v. State*, 288 Ark. 402, 705 S.W.2d 882 (1986).

■ It is also argued that it was wrong to admit evidence of prior bad acts in violation of Unif. R. Evid. 404(b). Appellant is apparently referring to testimony that he had stashed a stolen motorcycle, killed a man, and gone skinny dipping with a married woman. We do not address this argument because no objection was made to this testimony at trial. *Wicks* v. *State*, 270 Ark. 781, 606 S.W.2d 366 (1980).

■■ Appellant's third argument is that the case should have been dismissed because the charge against him was imperfect—he could not tell what he had been charged with. David was charged with capital murder in the language of Ark. Stat. Ann. § 41-1501(1)(f) (Repl. 1977) [Ark. Code Ann. § 5-10-101(a)(6) (1987)] in that he "unlawfully and feloniously, pursuant to an agreement, cause[d] the death of Danny Whitfield in return for something of value. . . ." Two sections of the statute are pertinent to the hired killer. Section 41-1501(1)(f) reads:

> A person commits capital murder if: . . . pursuant to an agreement that he cause the death of another person in return for anything of value, he causes the death of any person . . . .

Section 41-1501(1)(g) [Ark. Code Ann. § 5-10-101(a)(7) (1987)] states:

> A person commits capital murder if: . . . he enters into an agreement whereby one person is to cause the death of another person in return for anything of value and the person hired, pursuant to the agreement, causes the death of any person.

The language in the information against David closely followed that in § 41-1501(1)(f), so David has no valid complaint regarding the charge. It was only necessary that the indictment name the offense and the party to be charged. *Henderson* v. *State*, 255 Ark. 870, 503 S.W.2d 889 (1974); *see also* Ark. Stat. Ann. § 43-1006 (Repl. 1977) [Ark. Code Ann. § 16-85-403 (1987)]. The state is not required to include a statement of the act or acts constituting the offense, unless the offense cannot be charged without doing so. *Estes* v. *State*, 246 Ark. 1145, 442 S.W.2d 221 (1969). The defense may request that the state provide more details of the crime in a bill of particulars, which David did in this

case. The state responded with this additional statement of the charge:

> On September 30, 1983, Danny Whitfield was shot with a shotgun while leaving his house to go to work. Michael Freeman found the body of Mr. Whitfield by his truck with a tree across the road in front of the truck. The authorities were notified, and Doyle Cook, Sheriff of Hot Spring County, Jack Ursery, and Finis Duvall of the Arkansas State Police investigated the shooting.

> The State contends Donna Whitfield had an agreement with Sam David to kill Danny Whitfield in exchange for money. Donna Whitfield paid Sam David for killing her husband and some of the payments were made through Joe David, Sam David's brother.

Between the information and the bill of particulars, David had enough information to prepare his defense, which is the purpose of a bill of particulars. *Limber* v. *State*, 264 Ark. 479, 572 S.W.2d 402 (1978); *see also* Ark. Code Ann. § 16-85-301 (1987). If he was not satisfied, he could have sought a supplemental bill of particulars. Ark. Code Ann. § 16-85-301(b) (1987).

■ Appellant's fourth point is that the state failed to produce items of discovery in violation of the due process clause of the constitution. The first item in issue is a statement of Bobby Joe Hollingshead taken by the state police. The state turned over one statement of Hollingshead to the defense but the defense sought another statement, contending that it contained exculpatory evidence. It was assumed that Hollingshead would testify. The statement was tape recorded, and the tape was lost at the sheriff's office before it was transcribed. A.R.Cr.P. Rule 17.1 requires the state to produce the statement if it existed. *Parker* v. *State*, 292 Ark. 421, 731 S.W.2d 756 (1987). The state was unable to produce the tape; it could not be found. Hollingshead was not produced as a witness at trial. Except for a general allegation, we do not know exactly what the state did not do that deprived David of a fair trial. He has not said what exactly the exculpatory evidence is and why the loss of the tape was prejudicial.

■ Next, David requested copies of all notes taken during the grand jury proceedings. No transcript existed. The state

produced the relevant notes to the defense, but the appellant demanded all notes taken at the proceeding. The court reviewed the remaining grand jury notes and found that they contained the same information David already had and were otherwise irrelevant. No prejudice has been demonstrated, and we cannot say the trial court erred.

██ Next, David argues that the state failed to provide the defense with copies of prior convictions of the state's witnesses as the trial court ordered. During the preliminary portion of the trial, the defense informed the court that it had not received any witness conviction records from the state. Evidently, the defense wanted the state to use its resources to get this information. The court advised the state that it was responsible for any information in the NCIC computer and to find out and let the defense know of any prior convictions. At trial two of the state's witnesses admitted having prior convictions. While the state evidently did not provide this information to the defense, the appellant has failed to demonstrate prejudice, and it was thus harmless error. There is no indication evidence of other convictions existed. The defense was able to fully cross-examine the witnesses about the prior convictions once they came out. Discovery under the rules of criminal procedure is not to be a substitute for a defendant's own investigation. *Renton* v. *State*, 274 Ark. 87, 622 S.W.2d 171 (1981).

Finally, David argues he did not receive documents requested from Donna Whitfield and Joe David. The court ordered the state to produce any documents it had on Donna Whitfield. (She did not appear at trial.) The state produced what it had and the rest of the information was presented through the testimony of other witnesses. The court also ordered Joe David, the appellant's brother, to produce certain records. The trial judge evidently was satisfied that David produced the records and that appellant had the information he needed for a defense. On appeal the appellant has not convinced us the trial judge erred. The record reflects that throughout this proceeding the trial judge assisted the defense in every way possible with regard to discovery. The appellant should have made some effort to obtain these items, rather than relying solely on the state's efforts. We find no prejudicial error concerning discovery.

Appellant's fifth argument is that the trial court should have granted a continuance. These motions for continuance were filed the day before trial and during the trial, because out-of-state witnesses were not present and because the appellant had not received some of the evidence requested pursuant to discovery. Several of appellant's witnesses were in New Mexico, and the judge ordered their presence. Two witnesses testified at trial, but three did not appear. One of those, Bryson Jacobs, was in prison in New Mexico and refused to be transported to Arkansas. Another, Ed Roza, allegedly had some health problems and was unable to travel. The trial court did grant a one day continuance during trial in order to allow for the attendance of Bryson Jacobs; once he refused to be transported, however, the trial court would not grant any further continuance to secure either witness's attendance, finding that neither was material.

Appellant argues that the trial judge had already ruled that these witnesses were material to appellant's defense when he signed the orders to secure their attendance at trial and that he was in error to change his position. The trial judge, however, stated that he had signed the orders only to accomodate the appellant and to help him secure these witnesses for trial. The trial court then held a hearing on the materiality of their testimony. The appellant testified and the judge concluded and ruled that none of the witnesses were material to the defense and refused to grant a further continuance on that basis. Neither was the court convinced that the documents appellant had not received were material. Furthermore, the court found that appellant had not been denied access to his attorney for the preparation of his defense as he contends.

The burden is on the movant to show good cause for a continuance. A.R.Cr.P. Rule 27.3. A motion for continuance is addressed to the sound discretion of the trial court and the court's decision will not be reversed absent a clear abuse of that discretion amounting to a denial of justice. *Orsini* v. *State*, 281 Ark. 348, 665 S.W.2d 245 (1984). The burden of proving prejudice and an abuse of discretion rests on the appellant. *Kelley* v. *State*, 261 Ark. 31, 545 S.W.2d 919 (1977). Ark. Code Ann. § 16-63-402 (1987) governs the granting of continuances for the absence of evidence or witnesses. The statute requires the filing of an affidavit showing what facts the affiant believes the witness will

prove and that the affiant believes these facts to be true. The appellant did not comply with the statutory requirement of an affidavit and only testified that the witnesses possessed exculpatory evidence; he did not show what their testimony would be. In *Venable* v. *State*, 260 Ark. 201, 538 S.W.2d 286 (1976), we held that the denial of a motion for continuance which is not in substantial compliance with the statute is not an abuse of discretion. Besides compliance with the statutory requirement of an affidavit, the court should consider several other factors in determining whether a continuance should be granted. *Kelley* v. *State, supra.* Among these are the diligence of the movant in obtaining witnesses, the probable effect of the testimony at trial, and the likelihood of procuring the attendance of the witness in the event of a postponement. *Kelley* v. *State, supra.*

Applying these factors to the situation before us, we are satisfied the trial court did not abuse its discretion in refusing to grant a continuance. As the judge stated:

> The court has given the defense, I think, great latitude, leeway in an attempt to secure these witnesses and been unable to do so. The trial cannot be continued any longer because it would be an indefinite continuance and just doesn't seem to me that it would be—serve any purpose to continue the trial at this stage. So your motion for a continuance on all these grounds is denied.

Finally, it should be noted that it was the appellant who requested an immediate trial date, which was no doubt a factor bringing about the need for more time. In addition, on March 5, 1987, six days before trial, appellant made a motion for the trial to proceed as scheduled, stating that he did not want a continuance.

Appellant's next point is that the trial court erred in refusing appellant's proffered instruction regarding the accomplice status of Thomas Ivy and David and Vanessa Clift. The appellant's requested instruction, AMCI 402, stated essentially that these witnesses were accomplices and their testimony must therefore be corroborated. The trial court refused this instruction, giving instead AMCI 403, which stated that if the jury found these witnesses to be accomplices, their testimony must be corroborated. The instruction given allows the jury to determine whether these witnesses were indeed accomplices to the crime.

The state concedes that Thomas Ivy was an accomplice; therefore, an instruction to that effect would have been proper had the defense requested one. It did not. Instead, the defense asked for an instruction that was not proper, so the trial court was not wrong to refuse it. *Eddington* v. *State*, 225 Ark. 929, 286 S.W.2d 473 (1956).

An accomplice's testimony must be corroborated by other evidence. *See* Ark. Code Ann. § 16-89-111 (1987) [Ark. Stat. Ann. § 43-2116 (Repl. 1977)]. The corroboration must be sufficient standing alone to establish the commission of the offense and to connect the defendant with it. *Foster* v. *State*, 290 Ark. 495, 720 S.W.2d 712 (1986); *Gardner* v. *State*, 263 Ark. 739, 569 S.W.2d 74 (1978). It may be circumstantial evidence as long as it is substantial. *Smith* v. *State*, 282 Ark. 535, 669 S.W.2d 201 (1984).

Since it is undisputed that Thomas Ivy is an accomplice, his testimony must be corroborated. If we assume the jury found that David and Vanessa Clift were accomplices, their testimony must be corroborated. Even without the testimony of these three witnesses, there is sufficient evidence to connect appellant to this crime. There is no doubt the crime was committed. Tony Smith testified that he loaned a shotgun to Thomas Ivy and that he knew it was used by the appellant to kill Danny Whitfield. He testified that the gun was returned to him and that when he was later asked to destroy it, he did so. Joe David testified that he met with Donna Whitfield on behalf of his brother twice in order to get money from her that she allegedly owed Sam David. Other witnesses also testified that Sam David asked them to call or meet with Donna Whitfield on his behalf. Joe David also testified that Sam was nervous during the grand jury proceeding and that Sam had threatened him once, stating that he was the only connection between Sam and Donna Whitfield. Janie Spell, a friend of Donna Whitfield's, testified that before the murder, she helped Donna cash a check for $2,000 and that Donna told her not to tell Danny Whitfield about the check. An employee of Savers Federal in Hot Springs (Donna Whitfield's bank) testified that Donna Whitfield purchased two money orders from them, one on August 8, 1984, and one on August 27, 1984. The first was in the amount of $10,000 and the other was for $7,500. There is evidence that Joe David tried to cash a money order for $7,500 the same day

Donna Whitfield purchased one; however, the bank refused to cash it because it was not filled out properly. Finally, Buddy Highsmith testified that on the day before the murder he saw a car matching the description of appellant's car parked close to a culvert near the murder scene. He testified that the license number started with a "J" and had two "8's" in it; Allison David, appellant's wife, then testified that she and the appellant owned a car with the license plate number JKA 882 at the time of the murder.

Finally, appellant argues that there was insufficient evidence to support his conviction and that the trial court should have granted a directed verdict. Reviewing the evidence in the light most favorable to the state, we find substantial evidence to support the verdict. *Coleman* v. *State, supra.* The jury did not have to resort to speculation in concluding David was guilty. *Williams* v. *State*, 289 Ark. 69, 709 S.W.2d 80 (1986).

We have considered all other possible errors and find none. Supreme Court Rule 11(f).

Affirmed.