Rick LOGAN *v.* STATE of Arkansas

CR 87-16                                    776 S.W.2d 341

Supreme Court of Arkansas
Opinion delivered September 25, 1989

*Gunn & Borgognoni*, by: *Leslie Borgognoni*, for appellant.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

DARRELL HICKMAN, Justice. Rick Logan was sentenced to life imprisonment for the rape of a 17 year old mentally retarded boy. The victim was a student at the Sunshine School in Rogers. Logan was an employee of the school. We affirm the conviction.

Logan has recently appealed convictions on similar charges. In the first case, we reversed a rape conviction because an expert witness was allowed to express his opinion that the victim was telling the truth. *Logan* v. *State*, 299 Ark. 255, 773 S.W.2d 419 (1989) (hereafter *Logan I*). In the second case, we affirmed six counts of rape and reduced one count to third degree carnal

abuse. *Logan* v. *State*, 299 Ark. 266, 773 S.W.2d 413 (1989) (*Logan II*).

In this appeal, Logan raises eight issues. Two are identical to issues raised in *Logan II*: whether the prosecutor's office should have been disqualified when it hired two law clerks from the defense firm and whether an information may charge rape by the alternative means of forcible compulsion or upon one who is incapable of consent because he is physically helpless. We find no error on these points and stand on our previous resolution.

We impliedly decided two other issues in this case by our holding in *Logan II*. Here, as in that case, the appellant moved for a change of venue due to pretrial publicity. The instant case represents the appellant's second conviction, which occurred on June 11, 1986. The conviction in *Logan II* was the third, occurring one month later on July 11. Therefore, by the time of the *Logan II* trial, there had been publicity surrounding not one but two previous convictions. We held the trial judge did not abuse his discretion in denying a change of venue. Reviewing this record, we find nothing to indicate our decision should be different in this case.

The appellant also claims, as he did in *Logan II*, that the victim was incompetent to testify. The witness here easily met the test of competency. He was mildly retarded but alert and responsive to questioning.

A number of veniremen, who were called for the appellant's first trial, were also called for this trial. None who sat on this jury actually sat on the previous jury, but some had been *voir dired* in the previous case. Others had been present in the courtroom during *voir dire*, though they were not questioned. Before trial, the appellant asked the judge to call additional jurors, for additional peremptory challenges, and to allow individual *voir dire* of jurors. The requests were denied.

Whether a judge summons additional jurors is a matter of discretion. Ark. Code Ann. § 16-32-108(b) (1987). The judge here did not flatly refuse to call more jurors but said he would wait to see if a jury could be chosen from the current panel. A jury was selected without resorting to an additional call, and the question is whether that jury could give the appellant a fair

trial. The appellant has given us no concrete evidence that it couldn't, and we find no abuse of discretion.

■ The law allows eight peremptory challenges in a non-capital felony case. Ark. Code Ann. § 16-33-305(b) (1987). The trial judge correctly denied the motion for additional challenges. We have never allowed a judge to modify this amount for any reason, and there is no constitutional right to such challenges. *Clines* v. *State*, 280 Ark. 77, 656 S.W.2d 684 (1983), *cert. denied*, 465 U.S. 1051 (1984). *See also Ross* v. *Oklahoma*, 487 U.S. 81 (1988).

■ Decisions concerning individual *voir dire* examination are left to the discretion of the trial court. *Burnett* v. *State*, 287 Ark. 158, 697 S.W.2d 95 (1985). The appellant feared veniremen from the previous trial might answer questions in such a way as to taint the opinions of the "virgin" jurors. Because the record does not indicate that this occurred, the appellant has not shown he was prejudiced by the judge's ruling. *See Rector* v. *State*, 280 Ark. 385, 659 S.W.2d 168 (1983), *cert. denied*, 466 U.S. 988 (1984); *Heffernan* v. *State*, 278 Ark. 325, 645 S.W.2d 666 (1983).

■ Finally, the appellant contends two jurors, Mrs. Denman and Mrs. Sutterfield, should have been removed for cause. Mrs. Denman did not sit on the jury so the appellant cannot complain of error. *Gardner* v. *State*, 296 Ark. 41, 754 S.W.2d 518 (1988). Mrs. Sutterfield was challenged because of her responses during *voir dire*:

Q. Do you feel that . . . if you think in the back of your mind that he might be guilty but the State has not proven their case, they haven't proven it, then how would you vote?

A. They'll have to prove it to me.

Q. Okay.

A. And you will have to prove.

Q. Okay. What do I need to prove to you?

A. Well, you'll have to show me that, with the witnesses that you bring, that he's innocent.

Q. Well, now —

A. I'm not — see, you're kind of, I think you just kind of are playing me here. I'm not having any problems with his guilt or innocence because I don't know the man and I, I haven't read really anything about him. I don't subscribe to the county papers and I have very little time to watch TV, so I don't, so don't confuse me.

The appellant claims Mrs. Sutterfield should have been stricken for cause because she expected the defense to carry the burden of proof. A juror is presumed unbiased and the burden is on the one challenging him to show otherwise. *Fleming* v. *State*, 284 Ark. 307, 681 S.W.2d 390 (1984). The totality of Mrs. Sutterfield's remarks do not absolutely indicate she expected the appellant to prove his innocence. The jury was instructed on the proper burden of proof and is presumed to have followed the court's instructions. *Dunlap* v. *State*, 292 Ark. 51, 728 S.W.2d 155, *cert. denied*, 484 U.S. 852 (1987). We cannot say the court abused its discretion in refusing to strike Mrs. Sutterfield from the jury.

Two days before trial, the appellant asked the court for a certificate to compel the attendance of a material, out-of-state witness, or for a continuance. The witness, Nancy Brawner, had been Logan's supervisor and had testified previously in his behalf. She informed the lawyer three weeks before trial she would not be available. The judge found the request was made too late, and we agree.

There is no absolute right to the benefit of the statutory procedure under Ark. Code Ann. § 16-43-403 (1987), and its use is discretionary with the trial judge. *Wright* v. *State*, 267 Ark. 264, 590 S.W.2d 15 (1979). The burden is on the movant to show good cause for a continuance, *David* v. *State*, 295 Ark. 131, 748 S.W.2d 117 (1988), and lack of diligence in pursuing a witness may be considered by the trial judge in making his decision. *Touvel* v. *State*, 299 Ark. 375, 772 S.W.2d 347 (1989); *Holloway* v. *State*, 268 Ark. 24, 594 S.W.2d 2 (1980).

During closing arguments, defense counsel objected to the prosecution's reference to an item not in evidence by slamming her hand on the table. The judge said, "Don't you do that.

I'll put you in jail. Now what is your objection?" Counsel approached the bench where her objection was sustained. The appellant claims either the jury should have been admonished to disregard the remarks of the prosecutor and the judge or a mistrial should have been granted. Since that relief was not asked for below, we will not address it for the first time on appeal. *Vick* v. *State*, 299 Ark. 25, 770 S.W.2d 653 (1989).

The state offered evidence of change in the victim's behavior as proof he had been sexually abused. To counter that, the appellant offered into evidence certain incidents in the victim's history to show the victim had experienced behavioral problems for many years, not just recently. Some of the matters came into evidence through the testimony of various witnesses: the victim's "attack," not known to be sexual or nonsexual, of a woman in a park; his tendency to cut up items of his mother's clothing; an incident in which he tied up two other children; and an occasion where he tied himself up.

The state asked that three matters be prohibited from mention under the rape shield law, Ark. Code Ann. § 16-42-101 (1987): reports from neighbors that the victim had been seen masturbating in public; the victim's parents' decision to have a vasectomy performed on him due to his sexually aggressive nature; and a 1979 report containing a mention of the victim's participation in two homosexual incidents which he was "led into" by other children. The court refused to admit this evidence saying it was either not relevant or was more prejudicial than probative. Whether the probative value of evidence is outweighed by the danger of unfair prejudice is a matter addressed to the discretion of the trial judge, and his decision will not be disturbed absent a manifest abuse of that discretion. *Bennett* v. *State*, 297 Ark. 115, 759 S.W.2d 799 (1988). The appellant conceded the homosexual evidence violated the rape shield law.

Without deciding whether the rape shield statute prohibits mention of this evidence, we uphold the trial court's decision. The masturbation incidents and the vasectomy have little, if any, relevance to the question of whether the appellant committed rape, but that evidence does have a strong tendency to disparage the victim's character.

Evidence of the homosexual incidents was later of-

fered by the appellant for impeachment purposes. During the victim's testimony, he was asked by the prosecutor if the appellant was "the only one that's ever done those bad things to you." The victim answered yes. The appellant then wanted to introduce the report of the two homosexual incidents. The trial judge has a great deal of discretion in determining the relevancy of prior sexual conduct. *Manees* v. *State*, 274 Ark. 69, 622 S.W.2d 166 (1981). Whether the victim had such experiences or not, they were not the same or similar to forcible rape and abuse by an adult male over a period of more than a year. We find no abuse of discretion in the court's refusal to admit this evidence.

Ark. Sup. Ct. Rule 11(f) requires us to review all errors prejudicial to the appellant in a life imprisonment case if an objection is made below. Two questions merit discussion. First, the same expert witness, Dr. Lewis, who testified in *Logan I*, testified in this case. In *Logan I* we concluded the witness gave his opinion of the truthfulness of the victim. Here, the witness was asked a hypothetical question which was essentially whether the conduct of the victim after the assaults began was consistent with that of a child who has been systematically abused. The objection was that the question bolstered the credibility of the witness and assumed facts not in evidence. The judge permitted the witness to answer, and we find no error.

The second issue concerns the jury panel. The appellant asked that jurors, who had been *voir dired* in the previous trial, be dismissed for cause. Here, the record indicates the jurors could follow the instructions of the court, set aside any impressions they might have had and give the appellant a fair trial. *See Gardner* v. *State, supra.* During *voir dire*, the jurors responded affirmatively to the following question by the prosecutor:

> Do you agree with the idea that even though [the appellant] may have been convicted on another case under another factual situation, even though he's been charged, even though he's here going to trial, that you cannot use any of that as evidence of guilt in this case? Can you all agree to do that?

The appellant did not overcome the presumption that the jurors were unbiased, and we cannot say the trial court abused its discretion.

Affirmed.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. My disagreement with the majority concerns the selection of the jury. During the selection process the appellant's attorney asked one juror the question, "What do I need to prove to you?" She answered, "Well, you will have to show me that, with the witnesses that you bring, that he's innocent." Neither this court nor any other court should approve the seating of a juror with that kind of attitude. She obviously should have been excused for cause.

Logan was obliged to exercise his last peremptory challenge on another juror who had been on the original panel which had been called to try the appellant for his first offense. This juror was dismissed for cause at the first trial because she felt she could not be fair and impartial. However, a few weeks later, at the present trial, the court declared her to be a proper juror.

It is worth noting that at least seven of the jury panel in the present case had been extensively questioned (and excused) in the previous Logan case. In fact, 15 members of this group had been included on the panel which tried him on an earlier charge. Half of the jurors seated on the panel in the present case had been called for duty in one of the earlier Logan trials.

The appellant is serving several life sentences plus a few hundred years on prior convictions. Nothing would be lost if this court were to correct the procedure by ordering a retrial. Indeed, the bench and bar might greatly benefit from such a decision. While no trial can be perfect, we should strive to see that every trial is as error-free as possible.

It seems to me that the ordinary person can look at the facts in this case and see that the appellant did not have a fair cross-section of unbiased jurors to judge his guilt or innocence. I would, therefore, reverse and remand.