Henry Lee WILLIAMS *v.* STATE of Arkansas

CR 77-100                                    555 S.W. 2d 231

Opinion delivered September 19, 1977
(Division I)

*Bill E. Ross,* Mississippi County Public Defender, for appellant.

*Bill Clinton,* Atty. Gen., by: *Robert A. Newcomb,* Asst. Atty. Gen., for appellee.

DARRELL HICKMAN, Justice. Henry Lee Williams was convicted of rape and sentenced to fifty years in the Arkansas penitentiary.

On appeal he alleges three errors which relate to the same subject: the state was permitted to reopen its case and recall Williams and the chief of police for additional questions.

First, Williams alleges that it was error to permit the state to reopen its case; second, that recall of the defendant was unconstitutional *per se*; and, finally the state's evidence went to a collateral matter and, therefore, was not proper.

We find no merit in these arguments.

The evidence against Williams was mainly testimonial. The victim, a clerk in a plant and gift shop, testified that she opened the store at about ten o'clock in the morning on the 19th of April, 1976. About fifteen minutes later Williams came in and, after looking around, asked for a cup of coffee. It was customary to serve coffee to customers. She stated that at the same time Williams was in the store a salesman came in and, during his short stay had a conversation with Williams. The salesman left after a few minutes. Williams remained and when the victim served him coffee he asked for more sugar. She went to a backroom to get the sugar and Williams came back, accosted her, forced her into the restroom and raped her. She also claimed Williams took about $40.00 from the cash register and then left. She immediately called her husband and was shortly thereafter examined by a doctor.

The salesman testified and identified Williams as being

in the store on the 19th of April. He remembered that Williams had approached him and talked about motorcycles. The salesman was riding a motorcycle on that day.

The owner of the shop, who was not there at the time of the offense, identified Williams as a person who had been in her shop on at least two occasions a week or so before. On one occasion, to her observation, Williams was "just hanging around." She stated he never bought anything.

A doctor testified that he examined the victim on the day in question and found evidence of sexual intercourse.

Both the salesman and the victim identified clothing, which was entered into evidence, as being clothing similar to that which Williams wore when they saw him. The chief of police got the clothes from the residence where Williams was staying. There was no objection to the seizure of the clothing.

Williams testified in his defense that he had never been in this shop, did not know any of the people who testified and, was, in fact, fishing on the day in question. His testimony was supported by two other witnesses.

After all this evidence was presented to the jury, the state asked for permission to reopen its case and recall Williams and the chief of police for further examination. The trial court permitted this over Williams' objections.

Williams was asked, on recall, if the clothes admitted into evidence were in fact his, and he stated that they were. He was also asked if he could remember telling the chief of police that on the day in question he was at his brother-in-law's house all day. He stated that he could not remember making that statement. The police chief was recalled and asked if, in fact, Williams made a statement that he had been at his brother-in-law's house all day on the day in question. The chief stated that Williams had made such a statement. Also, the chief stated that Williams explained that the money he had on that day was from his brother in California. Williams' testimony was slightly different on the matter of money.

Williams first argues that it was an abuse of the trial court's discretion to permit the prosecutor to reopen his case. Usually when a party presents its case and rests, that is the end of the matter. However, our procedures permit a trial court, within its sound discretion, to permit a party to reopen a case. We can find nothing in the record to show that the court abused this discretion.

Williams next argues that it was unconstitutional *per se* to permit the state to recall him for further cross-examination. Able counsel for Williams asks us to overrule a case which approved such a procedure. *Shinn* v. *State*, 150 Ark. 215, 234 S.W. 236 (1921).

A defendant cannot be called as a witness by the state in a criminal trial. However, once he takes the witness stand, he is subject to recall the same as any other witness. We find nothing unconstitutional about this procedure. Therefore, we find no reason to overrule *Shinn, supra.*

Williams also argues that even though the trial court may not have abused its discretion, the evidence that was presented was collateral and not rebuttal evidence and, therefore, was improperly admitted. This argument goes to questions that were asked of the police chief regarding previous statements of Williams. Although the statements may have been inconsistent with Williams' testimony during the trial, these statements could also have been admitted during the state's case in chief and, therefore, they were not collateral to the guilt or innocence of Williams. Evidence is not collateral if it is admissible as part of a case in chief. *Randall* v. *State*, 239 Ark. 312, 389 S.W. 2d 229 (1965). These statements by Williams were admissible during the state's case in chief.

The prosecutor should have presented his evidence and asked his questions during his case in chief. That would have been the better practice. However, we can find no error in the action of the trial court in permitting the state to reopen its case and ask these limited questions.

Affirmed.

We agree. HARRIS, C.J., and GEORGE ROSE SMITH and ROY, JJ.