David JOHNSON *v.* STATE of Arkansas

CR 90-69                                           792 S.W.2d 863

Supreme Court of Arkansas
Opinion delivered July 9, 1990

14

*William C. McArthur*, for appellant.

*Steve Clark*, Att'y Gen., by: *Kelly K. Hill*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. A jury found appellant guilty of possession of cocaine with intent to deliver. He appeals. We affirm. Because sufficiency of the evidence is one of the issues, we set the facts out in detail.

Officer Thomas Washington, operating under cover, was brought into the Magnolia area to make drug purchases. He went to the Flamingo Motel on March 11, 1989, and purchased two rocks of crack cocaine for $40. He made the purchase in Room No. 4 from Jerry Taylor. Washington informed Captain Robert Gorum that crack cocaine was being sold in the Flamingo Motel. Washington then prepared an affidavit for a search warrant, and while he was looking for a judge to get the warrant, Gorum began surveillance operations at the motel.

During the initial period of surveillance, Gorum observed a small blue car parked in front of Room No. 4. He also saw eight to ten people going in and out of the room. He left the area after 20 to 35 minutes, went back to his office, and returned approximately

40 minutes later. At that time, the small blue car was gone, and people were going from Room No. 4 into another room which Gorum believed to be number 10, but which subsequently turned out to be No. 7. He also saw several cars drive into the area, saw people getting out, saw them go into Room No. 4, and then saw them return to their cars and leave. The second period of surveillance lasted 10 to 20 minutes.

On Gorum's third period of surveillance, he moved to an area where he could see the motel rooms while the other police officers were preparing to raid the rooms. He was there approximately ten minutes before the other officers' approach to the motel. During that interval, he saw the blue car was again in front of the room. He identified appellant as the driver and John Young as the passenger. He saw them get out of the car and go into Room 4; they stayed a short period of time; came out; went to Room 7; returned to the entry of Room 4; then both men walked to the blue car; appellant placed something in the trunk; and they both got into the vehicle.

Having obtained the search warrant, the other officers surrounded and entered the designated motel rooms shortly thereafter. The search warrant specifically listed Rooms 4 and 10. Appellant and John Young were arrested in the blue car. In searching Room 4, the officers found a gun under the bed and twenty-two (22) rocks of cocaine on the person of Jerry Taylor. Also in Room 4 were Bobby Baker, Ms. Jackie McKinney, and Bonnie Biddle.

The search of Room 10 turned up nothing; however, in going back and forth between Rooms 4 and 10, one of the officers noticed two young girls peeking out of the window of Room No. 7. The officer became concerned that they might be in there alone because he never saw an adult come to the window, even with all of the commotion going on outside. The officer knocked on the door. One of the little girls answered. She and her sister were alone in the room. The officer asked them where their parents were. They responded that their mother was in Dallas and their father was outside in the police car, referring to Bonnie Biddle. Realizing then that a mistake had been made in room numbers, one of the officers searched Room 7. She found two "bricks" of cocaine under the mattress and a shotgun under the bed.

Taylor, Biddle, and Baker, who were undisputed accomplices, testified that they had come to Magnolia from Dallas. On the way they stopped at appellant's house and picked up some crack cocaine. Biddle testified that appellant was his boss, and that their business was selling cocaine. When the supply of cocaine ran low in Magnolia, appellant was to bring more from Dallas and then pick up the money they had made.

Appellant raises six points of appeal, none of which have merit. We first discuss the challenge to the sufficiency of the evidence. *Harris* v. *State*, 284 Ark. 247, 681 S.W.2d 334 (1984). Appellant argues that the evidence was insufficient to corroborate the testimony of the accomplices and, therefore, the case must be reversed and dismissed. Ark. Code Ann. § 6-89-111(e)(1) (1987) provides: "A conviction cannot be had in any case of felony upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the commission of the offense. The corroboration is not sufficient if it merely shows that the offense was committed and the circumstances thereof." The corroboration must be sufficient standing alone to establish the commission of the offense and to connect the defendant with it. *David* v. *State*, 295 Ark. 131, 748 S.W.2d 117 (1988). It may be circumstantial evidence as long as it is substantial. *Id.* Where circumstantial evidence is used to support accomplice testimony, all facts of evidence can be considered to constitute a chain sufficient to present a question for resolution by the jury as to the adequacy of the corroboration, and the court will not look to see whether every other reasonable hypothesis but that of guilt has been excluded. *Rhodes* v. *State*, 276 Ark. 203, 634 S.W.2d 107 (1982).

Officer Gorum testified that he observed a blue car parked in front of Room 4 during the first period of surveillance; it was not there on his second visit, but, on his third, it was back again. He observed appellant and John Young enter Room 4; stay a short time; go to Room 7; and return to the door of Room 4. Appellant then placed something in the trunk of the car, and they both got back in the vehicle. Additional evidence, also independent of that from the accomplices, came from John Young. Young testified that he rode with appellant from Dallas to Magnolia, and that appellant told him he was going to Magnolia to pick up some money from Biddle. Further, Young testified that

after they were arrested, appellant suggested that they create a story that they had come to Magnolia to pick up some money for a guy named J.R. Young also heard appellant ask Jerry Taylor to "take the rap for all of us," in exchange for a thousand dollars. This evidence was sufficient to connect appellant with the commission of the offense.

Appellant next contends that the trial court erred in denying his motion to suppress evidence seized in the search of Rooms 4 and 7 at the Flamingo Motel because the affidavit for the search warrant regarding Room 4 was not sufficient to establish probable cause, and because there was no search warrant at all for Room 7. We do not consider the issue with respect to Room 4 because neither the affidavit nor the search warrant were abstracted. *Poyner* v. *State*, 288 Ark. 402, 705 S.W.2d 882 (1986).

Further, appellant has no standing to challenge the searches. The doctrine of standing to invoke the protection of the exclusionary rule has evolved to focus on a defendant's substantive fourth amendment rights. *Rakas v. Illinois*, 439 U.S. 128 (1978); *State v. Hamzy*, 288 Ark. 561, 709 S.W.2d 397 (1986). Accordingly, evidence should not be excluded unless the court finds that an unlawful search or seizure violated the defendant's own constitutional rights; and his rights are violated only if the challenged conduct invaded his legitimate expectation of privacy rather than that of a third party. *State v. Hamzy*, 288 Ark. at 564. A "legitimate" expectation of privacy means more than a subjective expectation of not being discovered. *State v. Hamzy*, 288 Ark. at 564, quoting from *Rakas v. Illinois*, 439 U.S. at 143. Further, the proponent of a motion to suppress has the burden of establishing that his own fourth amendment rights were violated by the challenged search or seizure. *State v. Hamzy*, 288 Ark. at 565. Here, appellant argues that by virtue of the State's theory that he was in charge of the entire operation, he had a "legitimate" expectation of privacy in the rooms because they would have been rented at his direction. The fourth amendment does not stretch that far. Neither room was registered in his name, and there was no evidence that he did anything other than go to the rooms for a short period of time, spending most of his time in his car on the parking lot. Appellant did not establish a legitimate expectation of privacy in either of the motel rooms.

Next, appellant argues that the trial court erred in denying his motion in limine which sought, among other things, to prevent the State from eliciting testimony concerning the Drug Task Force, and testimony connecting appellant with prior drug deals. First, we find no ruling on appellant's motion in limine either in his abstract or in the record. The burden of obtaining a ruling is on the movant, and objections and questions left unresolved are waived and may not be relied upon on appeal. *Richardson* v. *State*, 292 Ark. 140, 728 S.W.2d 189 (1987). Appellant did, however, raise specific objections about the State's references to the Drug Task Force during the trial. The first objection came during the prosecutor's opening statement, and appellant gave no basis for it. The other objection came during the beginning of the testimony of Officer Gorum, and relevance was the stated basis. The fact that the officers were working together in a Drug Task Force was relevant. No objection based upon an A.R.E. Rule 403 weighing was made. Appellant also made three objections about testimony concerning his prior drug dealings. Those objections were either based on relevancy or no basis was given for the objection. Yet, on appeal appellant's argument is based upon A.R.E. Rule 404(b) which forbids the introduction of evidence of other crimes, wrongs or acts except as proof of certain designated things. We have long held that a party cannot change the grounds for an objection on appeal. *Harris* v. *State*, 295 Ark. 456, 748 S.W.2d 666 (1988). Therefore, we do not consider the argument.

Appellant next contends that the trial court erred in allowing the State to present hearsay testimony. Although appellant complains that there were numerous instances of such error, he admits that in many cases there was no objection to preserve the argument for appeal. Further, he only sets forth two specific examples of hearsay, both of which involved testimony in which the witnesses stated that Bonnie Biddle had told them that he, Biddle, worked for appellant. Any error in allowing this hearsay testimony was remedied when Biddle himself testified that he worked for appellant. *Bussard* v. *State*, 295 Ark. 72, 747 S.W.2d 71 (1988).

Appellant next challenges that constitutionality of Ark. Code Ann. § 12-12-313 (Supp. 1989) which provides that records and reports of the State Crime Laboratory are to be

received as competent evidence when duly attested to by the lab personnel who performed the analysis, or by certain designated officials of the laboratory. The statute provides that the defendant shall give at least ten (10) days notice prior to the proceedings if he wants the person who performed the analysis to be present for cross-examination. If he does not give such notice the right of confrontation is waived. Appellant argues that the statute violated his right to confront the witnesses against him as guaranteed by both the United States Constitution and the Arkansas Constitution. Appellant's argument on this point, however, is not fully developed. He stipulates that he knew the State intended to use the report without subpoenaing the expert witness from the crime lab, and, yet, he offers no reason for waiving the witness's presence by not notifying the State to bring the witness to trial in accordance with the statutory provisions.

We note at the outset that even fundamental constitutional rights can be waived under certain circumstances. *Johnson v. Zerbst*, 304 U.S. 458 (1938). An accused may waive his right to cross-examination and confrontation, and the waiver of such right may be accomplished by the accused's counsel, at least as a matter of trial tactics or strategy. See *United States* v. *Goldstein*, 532 F.2d 1305 (9th Cir. 1976), *cert. denied*, 429 U.S. 960. Appellant does not argue, and we do not consider, whether a defendant must personally, knowingly, and intelligently waive the fundamental right of confrontation.

Finally, appellant argues that the trial court erred in refusing to instruct the jury that John Young was an accomplice as a matter of law. The trial court did not err since the evidence presented an issue of fact as to Young's status. Young testified that when he agreed to ride from Dallas to Magnolia with appellant, he assumed that appellant wanted him to help drive; that he did not know Bonnie Biddle was working with appellant; that appellant didn't tell him anything about having people sell drugs for him in Magnolia; that he thought the reason appellant was going to Magnolia to get money from Biddle was because Biddle owed appellant money; and that his relationship with appellant consisted of him working on appellant's car in Dallas. In sum, Young's status presented an issue of fact for the jury. See notes to AMCI 402.

Affirmed.