Raymond SANDERS *v.* STATE of Arkansas

CR 92-552                                838 S.W.2d 359

Supreme Court of Arkansas
Opinion delivered October 5, 1992

*Robert N. Jeffrey*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Cathy Derden*, Asst. Att'y

Gen., for appellee.

JACK HOLT, JR., Chief Justice. The appellant, Raymond Sanders was found guilty of capital felony murder for the shooting death of Frederick LaSalle and sentenced to life imprisonment without parole. The murder occurred during the course of a robbery of LaSalle's bootlegging operation. At trial Sanders' accomplice, Byron Hopes, testified in detail as to the events of the night of the murder and robbery up until the men were arrested. Testimony of other witnesses and circumstantial evidence further supported Sanders' guilt.

On appeal Sanders contends that there was insufficient evidence presented at trial to corroborate the testimony of his accomplice, Hopes, or to prove robbery as the underlying felony supporting the capital felony murder conviction. We find the evidence more than sufficient.

Sanders' accomplice, Byron Hopes, testified to the following: He and Sanders were riding around together on the night of the murder when Sanders mentioned that a guy owned him money. Sanders told Hopes that he needed a gun in order to get the money back. Hopes had left his gun with Wanda Morgan, so Sanders and Hopes went by her home and picked it up. Then, the two men went to Hopes' house to get shells for the .22 rifle.

With gun in hand, Sanders, accompanied by Hopes, walked down the railroad tracks to LaSalle's small, tin building. The ground was wet, and both men were wearing tennis shoes. According to Hopes, Sanders walked to the side of the building, and Hopes heard a gunshot. Hopes walked around and witnessed Sanders reload the gun and shoot through the window at LaSalle, who was sitting up in bed. After this shot, LaSalle was on the floor and reaching for the telephone; Sanders shot him a third time, this time in the side of the head. Hopes and Sanders went around to the front. Sanders entered the building, telling Hopes to stand outside and keep a look out. Hopes heard a lot of "rumbling, racket and noise," after which Sanders came out and said he could not find anything but beer. Sanders unplugged an outside light, and Hopes stood outside while Sanders handed him six to eight cases of beer and several pints of alcohol which they left by the nearby railroad tracks. Sanders also took the victim's wallet but discarded it over a bridge while he and Hopes were walking up

the tracks.

Upon reaching Hopes' house, they got his car and went back to pick up the beer and other alcohol. Then, the men went to get gas. Sanders removed his pants, revealing a second pair of pants underneath. A police car drove by, and the men got scared and pulled off behind a Sears store. Sanders threw his pants out the window.

Next, the two went to Sanders' house. Sanders' brother, James, was there and Sanders' girlfriend, Diane, came over. Sanders left them to sell the beer and returned with crack cocaine, which they all smoked. The four then went driving toward Arkadelphia. During this drive, Sanders asked his brother to throw his tennis shoes out the window, and he complied. They returned to their homes.

The next day, Hopes and Sanders were driving across the railroad tracks, near LaSalle's building, when the police stopped them and took them into custody.

■■ Accomplice testimony must be supported by corroborating evidence:

> A conviction cannot be had in any case of felony upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the commission of the offense. The corroboration is not sufficient if it merely shows that the offense was committed and the circumstances thereof. Ark. Code Ann. § 16-89-111(e)(1) (1987)

Sanders argues that Hopes' testimony at trial was not sufficiently corroborated. On appeal "our inquiry is whether there is substantial evidence to support the jury's finding that the corroborating evidence was sufficient. . .we need only consider testimony lending support to the verdict." *Smith* v. *State*, 310 Ark. 247, 837 S.W.2d 279 (1992).

■■ In order to be sufficient, the corroborating evidence must connect the accused with the crime and be independent of the evidence given by the accomplice. *Bly* v. *State*, 267 Ark. 613, 593 S.W.2d 450 (1980); *Johnson* v. *State*, 303 Ark. 12, 792 S.W.2d 863 (1990). The test for determining the sufficiency of

the corroborating evidence is whether, if the accomplice's testimony were eliminated from the case, the other evidence independently establishes the crime and tends to connect the accused with its commission. *Andrews* v. *State*, 305 Ark. 262, 807 S.W.2d 917 (1991). However, the corroborating evidence does not have to be sufficient to convict defendant of capital felony murder independently of the accomplice's testimony. *Thrash* v. *State*, 291 Ark. 575, 726 S.W.2d 283 (1987). Where circumstantial evidence is used to support accomplice testimony, all facts of evidence can be considered to constitute a chain sufficient to present a question for resolution by the jury as to the adequacy of the corroboration, and the court will not look to see whether every other reasonable hypothesis but that of guilt is excluded. *Johnson* v. *State*, 303 Ark. 12, 792 S.W.2d 863 (1990).

■ We have no problem in noting that the other evidence and testimony was sufficient to corroborate Hopes' testimony. Donald Smith, criminalist with the State Crime Lab, testified that he had taken hair samples from a bloody blanket found on the crime scene. In his professional opinion, these hairs belonged to Sanders. Smith also testified that he found what he believed were Sanders' hairs on the victim's clothing.

Further, Sanders' girlfriend, Diane Baker, testified that she had seen him with Hopes on the night of the murder. She had noticed he had on two pairs of pants that night. Sanders had left her and returned with some crack cocaine which everyone smoked. When Sanders, his brother, James, Hopes, and she had gone riding around that night, she saw James throw Sanders' tennis shoes out the window.

There was testimony from the officer who found the discarded green pants and the tennis shoes as well as testimony from a forensic serologist who found human blood on the green pants.

The foregoing evidence independently connects Sanders with the commission of the crime. The hair found by Smith of the crime lab independently connects Sanders with the crime scene. In all, the corroborating evidence was overwhelming.

■ Sanders' argument that the evidence was not sufficient to corroborate the underlying felony of robbery is of no moment. Obviously, the victim was part of a bootlegging operation that he

ran out of the building in which he was killed. Floyd Willingham testified that he rented the building to LaSalle. According to Willingham, he visited LaSalle on the night of the murder. LaSalle was alone, in good health and stocked with beer and whiskey. When Willingham returned to the premises the next morning, he found LaSalle lying in a pool of blood and about six cases of beer and twenty half-pints of vodka and whiskey missing along with some money he had given LaSalle the previous evening. Willingham's testimony corroborates Hopes' testimony concerning the robbery and establishes robbery as the underlying felony for the capital murder conviction. *See Bussard* v. *State*, 300 Ark. 174, 778 S.W.2d 213 (1989).

Pursuant to Arkansas Supreme Court Rule 11(f), the objections decided adversely to Sanders have been reviewed. This court finds no error; however, one issue is worthy of review.

Over Sanders' objection, the trial court granted the state's motion to reopen its case-in-chief. The motion was made at the close of Sanders' case but before the case was submitted to the jury. Once its case was reopened, the state presented the testimony of Floyd Willingham for the purpose of establishing the items were stolen in the robbery.

The reopening of the case-in-chief for the taking of additional evidence is a matter within the sound discretion of the trial judge, and his decision will not be reversed absent an abuse of that discretion. *Williams* v. *State*, 262 Ark. 219, 555 S.W.2d 231 (1977). Here, Willingham's testimony was relevant, not cumulative. The court properly exercised its discretion in allowing the state to reopen its case. *See Curtis* v. *State*, 279 Ark. 64, 648 S.W.2d 487 (1983).

Affirmed.