Ricky FRANKLIN v. STATE of Arkansas

CR 92-685                                    845 S.W.2d 525

Supreme Court of Arkansas
Opinion delivered January 25, 1993

602

*Beverly C. Claunch*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Catherine Templeton*, Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant, Ricky Franklin, was charged with thirty-two (32) counts of burglary (Class B

felonies), two (2) counts of theft of property (Class C felonies), and twenty-two (22) counts of theft of property (Class A misdemeanors), in Cleburne County in connection with three series of burglaries occurring in that county in December 1990, February 1991, and July 1-2, 1991. A jury trial was held on February 27, February 28, and March 2, 1992. At the trial, a directed verdict was granted on twenty-seven (27) of the counts, including all the charges concerning burglary and theft of property alleged to have occurred in December and February and one of the burglary charges alleged to have occurred in July. The remaining twenty-eight (28) charges, sixteen (16) counts of burglary (Class B felonies), two (2) counts of theft of property (Class C felonies), and ten (10) counts of theft of property (Class A misdemeanors), were submitted to the jury, which found appellant guilty on all charges. Appellant was sentenced to twenty years and a $10,000.00 fine on each Class B felony, ten years and a $5,000.00 fine on each Class C felony, and one year and a $1,000.00 fine on each Class A misdemeanor. The court ruled that the sentences on the sixteen (16) burglaries (Class B felonies) would run consecutively and the sentences on the theft of property charges would run concurrently with the sentences on the burglary charges, resulting in a sentence of three hundred and twenty (320) years in the Arkansas Department of Correction. Our jurisdiction is proper pursuant to Ark. Sup. Ct. R. 29(1)(b) (1987).

On appeal, appellant argues the evidence was insufficient to support the verdict for five (5) of the charges, there was insufficient corroboration of accomplice testimony to support the verdict as to all the charges, and a sentence of three hundred and twenty (320) years constitutes cruel and unusual punishment and is disproportionate to the crimes of which appellant was convicted.

THE WEIGHT AND SUFFICIENCY OF THE EVIDENCE RELATING TO THE BURGLARY AND THEFT OF PROPERTY OF GLENDA TURLEY PRINTS, THE BURGLARY OF SYNERGY GAS, THE BURGLARY OF SHEAR PERFECTION, AND THE BURGLARY OF J & B TIRE DO NOT SUPPORT THE JURY VERDICT BECAUSE THERE WAS NO EVIDENCE TO SHOW COMMISSION OF

A CRIME OR TO CONNECT APPELLANT TO COMMISSION OF A CRIME AT THESE LOCATIONS.

■ Appellant claims there was insufficient evidence to prove commission of a crime at Glenda Turley Prints, Synergy Gas, Shear Perfection, or J & B Tire or to connect him to commission of a crime at Glenda Turley Prints, Synergy Gas, Shear Perfection, or J & B Tire. In reviewing the sufficiency of the evidence on appeal, this court looks at the evidence in the light most favorable to the appellee and affirms the judgment if there is any substantial evidence to support the jury's verdict. *Harris* v. *State*, 284 Ark. 247, 681 S.W.2d 334 (1984). In determining whether there is substantial evidence to support the jury's verdict, it is permissible to consider only the testimony that tends to support the verdict of guilt. *Williams* v. *State*, 289 Ark. 69, 709 S.W.2d 80 (1986). Testimony regarding other charges, which were charged in the same information, may be considered especially if the offenses were all part of a common scheme or plan and were ultimately part of the same transaction. *Young* v. *State*, 269 Ark. 12, 598 S.W.2d 74 (1980).

"A person commits burglary if he enters or remains unlawfully in an occupiable structure of another person with the purpose of committing therein any offense punishable by imprisonment." Ark. Code Ann. § 5-39-201 (1987). A person commits theft of property if he knowingly takes or exercises unauthorized control over the property of another person, with the purpose of depriving the owner thereof. Ark. Code Ann. § 5-36-103(a) (Supp. 1991).

The following evidence was introduced a trial and is relevant to all five counts. A statement of one of the alleged accomplices, Jimmy Mayfield, was admitted at trial. In the statement, Mr. Mayfield said he, Rick Franklin, and Carl Rader broke into "the bowling alley, a row of businesses by the bowling alley, a catfish place where we got something to eat, and the electric company where we peeled the safe." Mr. Mayfield testified that he stole a Remington microscreen razor from one of the businesses and a sword letter opener from another. Mr. Mayfield and Mr. Rader both testified at trial that they committed a series of burglaries and thefts with appellant on July 1-2, 1991. They both testified

appellant put the items they stole and the things they used in the burglaries on July 2, 1991, in the ceiling of their motel room, Room 20, at the Arkansas Inn, when they realized the police were outside. Officer Baugh testified that appellant, Brenda Franklin, Mr. Mayfield, and Mr. Rader were picked up at Room 20 of the Arkansas Inn and questioned on July 2, 1991. Mr. Mayfield and Mr. Rader testified they went back to the Arkansas Inn with appellant on July 11, 1991, to retrieve the items they had left in the ceiling. They testified they tried to get in through the window, but someone was staying in the room and scared them off. Butch Wilson testified he was staying in Room 20 at the Arkansas Inn on July 11 when he was awakened by someone tampering with the window. Mr. Wilson got up and pulled back the curtain, he said he saw three men in masks at the window and they ran off when they saw him. Mr. Wilson called the motel manager and the police. The police searched the room and found many items in the ceiling, including tools, masks, gloves, a pair of tennis shoes, and several items taken from the businesses burglarized on July 2, 1991, including a Remington microscreen razor and a sword letter opener. On July 16, 1991, Mr. Mayfield and Mr. Rader were arrested trying to rent a room at the Arkansas Inn. Mr. Mayfield testified that they had come back to the Arkansas Inn, at appellant's direction, to recover the items left in Room 20. Both Mr. Mayfield and Mr. Rader identified items recovered from the ceiling as items used in the burglaries and thefts they committed with appellant. Additionally, Randy Sherrill, who was in a jail cell with appellant, testified that appellant told him he had committed a string of burglaries on Highway 25 North.

Appellant contends there is insufficient evidence to prove commission of a crime at Glenda Turley Prints, burglary and theft, or to connect appellant to commission of a crime, burglary and theft, at Glenda Turley Prints. In addition to the evidence that is relevant to all charges, Shannon King of Glenda Turley Prints testified that on the morning of July 2, 1991, the change drawer was missing from its usual location and was found in the employee break room with about twenty dollars missing. She also testified that Glenda Turley Prints was located in the immediate area of other businesses that had been burglarized the same night. This constitutes substantial evidence from which the jury could have determined Glenda Turley Prints was the victim of burglary

and theft on July 2, 1991, and appellant was one of the perpetrators.

Appellant next contends there was insufficient evidence to prove commission of a crime, burglary, at Synergy Gas or to connect him to commission of a crime, burglary, at Synergy Gas. In addition to the evidence that is relevant to all charges, Jackie Huff, branch manager for Synergy Gas, testified that on July 2, 1991, his branch at 1130 Highway 25 North was broken into, a safe at that location was "damaged to the point of no repair," and the business was ransacked, but no money was taken. There was also evidence that a string of businesses on Highway 25 were all the victims of burglary or theft, or both, discovered on July 2, 1991. This constitutes substantial evidence from which the jury could have concluded a burglary occurred at Synergy Gas and appellant was one of the perpetrators.

Appellant claims there is no evidence a crime, burglary, was committed at Shear Perfection or that he was involved in a crime, burglary, committed at Shear Perfection. In addition to the evidence relevant to all charges, Mr. Hipps, the owner of the building where Shear Perfection is located, testified that the door to Shear Perfection was open and it had pry marks on it on the morning of July 2, 1991, but he didn't know if anything was taken. Mr. Hipps also owns the Carpet Barn which is located in the same building as Sheer Perfection. The door to the Carpet Barn was also pried open and there were some rolls of coins taken from the Carpet Barn. This constitutes substantial evidence from which the jury could have concluded a burglary occurred at Shear Perfection and appellant was one of the perpetrators.

Appellant contends there is no evidence a crime, burglary, was committed at J & B Tire and there was no evidence to link appellant with any crime, burglary, occurring at J & B Tire. In addition to the evidence that is relevant to all charges, Tim Rockwell, who works at J & B Tire, testified that on July 2, 1991, there were signs of forced entry into the building and the cash register drawer had been tampered with, but nothing had apparently been taken. This is sufficient to establish a burglary had taken place and appellant was a perpetrator.

## THERE IS INSUFFICIENT EVIDENCE TO CONVICT DEFENDANT BECAUSE THERE WAS INSUFFICIENT CORROBORATION OF THE TESTIMONY OF THE ACCOMPLICES.

■ The testimony of an accomplice, standing alone is insufficient to support a felony conviction. Ark. Code Ann. § 16-89-111(e) (1987); *Johnson v. State*, 303 Ark. 12, 792 S.W.2d 863 (1990). Accomplice testimony must be corroborated by other evidence tending to connect the defendant with the commission of the offense. *Id.* The corroborating evidence must be sufficient, standing alone, to establish the commission of the offense and to connect the defendant with it. *Daniels* v. *State*, 308 Ark. 53, 821 S.W.2d 778 (1992). But, the corroboration need not be substantial enough in and of itself to sustain a conviction. *Rhodes* v. *State*, 280 Ark. 156, 655 S.W.2d 421 (1983). The corroborating evidence may be circumstantial, as long as it is substantial. *David* v. *State*, 295 Ark. 131, 748 S.W.2d 117 (1988). Also, when the testimony of an accomplice is corroborated as to particular material facts, the factfinder can infer the accomplice spoke the truth as to all. *Orsini* v. *State*, 281 Ark. 348, 665 S.W.2d 245, *cert. denied*, 105 S. Ct. 162 (1984); *Olles & Anderson* v. *State*, 260 Ark. 571, 542 S.W.2d 755 (1976).

■ Here, there was corroborating evidence in that the items stolen from the businesses were found in the motel room. Mr. Wilson corroborated Mr. Mayfield's account of the July 11, 1991, attempt to retrieve the items hidden in the ceiling of Room 20 at the Arkansas Inn. Mr. Mayfield testified he stole a Remington microscreen razor at one of the businesses. Mr. Logan testified an electric razor was taken from his business, Logan's Builders Supply, and identified the razor recovered from the motel ceiling as the one taken from Logan's Builders Supply. Mr. Mayfield testified they ate at one of the businesses and, William R. Brown, Jr., owner-manager of Mr. B's Catfish, testified that on July 2, 1991, he discovered someone had broken into his restaurant during the night and had made food on the grill and taken money from the cash register and a purse left in the restaurant. This corroborating evidence is sufficient to allow the jury to believe all of Mr. Mayfield's testimony.

Evidence other than accomplice testimony also establishes

crimes were committed and connects appellant to the crimes. The business owners and employees of the various businesses testified that on the morning of July 2, 1991, they discovered that their businesses had been broken into and, in most instances, items taken. Randy Sherrill testified appellant admitting having committed the crimes. Appellant was detained and questioned on July 2, 1991, leaving the room where the items used in commission of the crimes and items taken from the businesses were found in the ceiling.

## APPELLANT'S SENTENCE CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT AND IS DISPROPORTIONATE TO THE CRIMES OF WHICH HE WAS CONVICTED.

■ Appellant did not preserve this issue for appeal. At the sentencing, appellant said: "defendant would request that the sentences be imposed concurrently. We feel like those sentences are excessive, given the proof in the case." This was prior to the court deciding whether the sentences should be served concurrently or consecutively. No objection was made to the court's ruling that some of the sentences should be served consecutively, resulting in a total sentence of 320 years. Nor was the court apprised that appellant considered imposition of a sentence of 320 years for conviction of 28 charges of burglary and theft of property cruel and unusual punishment. We do not consider arguments raised for the first time on appeal. *Mays* v. *State*, 303 Ark. 505, 798 S.W.2d 75 (1990).

Affirmed.