Pierre L. WEAVER *v.* STATE of Arkansas

CA CR 98-186                                     990 S.W.2d 572

Court of Appeals of Arkansas
Division III
Opinion delivered May 12, 1999

*Hough, Hough, & Hughes, P.A.,* by: *R. Paul Hughes III,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Sandy Moll,* Ass't Att'y Gen., for appellee.

SAM BIRD, Judge. Pierre Weaver was charged with three counts of exposing another person to HIV in violation of Ark. Code Ann. § 5-14-123 (Repl. 1993). He was found guilty of one count and was sentenced to thirty years in the Arkansas Department of Correction. That case was affirmed by this court. *See Weaver v. State,* 56 Ark. App. 104, 939 S.W.2d 316 (1997). Before a trial was held on the remaining two counts, appellant filed a motion to suppress his medical records that he alleged were obtained in violation of the Arkansas Rules of Criminal Procedure 16.2, Rule 503 of the Arkansas Rules of Evidence, and the state and federal constitutions. The court denied the motion, and, pursuant to Ark. R. Crim. P. 24.3, the appellant entered a conditional plea of guilty. He was sentenced to thirty years on each count to be served concurrently and also concurrent to the previous thirty-year sentence on the other conviction. He brings this

appeal arguing that the court erred in denying his motion to suppress the introduction of his medical records.

After two people tested positive for HIV and reported that they believed they had contracted it from appellant, he became a suspect, and the Sebastian County Prosecuting Attorney drafted a prosecutor's subpoena to obtain appellant's medical records from the Sebastian County Health Department.[1]

A hearing was held on his motion to suppress, and Archie Goins, an officer with the Fort Smith Police Department, testified that the prosecuting attorney had asked him to pick up the medical records of the appellant by serving the subpoena on the Sebastian County Department of Health. He stated that the department accepted a subpoena and later called him to pick up a packet containing the records, and that he delivered the sealed packet to the prosecuting attorney's office. He said that the prosecutor was the one who issued the subpoena and who directed him to obtain the records.

Appellant argues that the medical records were illegally obtained in violation of his Fourth Amendment rights because the State did not procure the records with a valid search warrant. Appellant also argues that the prosecutor abused her subpoena power. We disagree and hold that the court's ruling denying the motion to suppress was not clearly against the preponderance of the evidence because a search warrant was not needed in this case. The prosecutor obtained the information through the proper use of the prosecutor's subpoena power. The General Assembly has stated that this particular kind of information can be obtained by a prosecutor by using a subpoena. Ark. Code Ann. § 20-15-904 (Repl. 1991).

When reviewing a denial of a motion to suppress, this court must make an independent determination based upon the totality of the circumstances. *Green v. State*, 334 Ark. 484, 978 S.W.2d 300 (1998); *Thompson v. State*, 333 Ark. 92, 966 S.W.2d

---

[1] The appellant did not object to the introduction of his medical records when they were entered into evidence at the trial in which he was found guilty of one count. *See Weaver v. State, supra.*

901 (1998); *Muhammad v. State*, 64 Ark. App. 352, 984 S.W.2d 822 (1998). We reverse only if the trial court's ruling was clearly against the preponderance of the evidence. *Green v. State, Thompson v. State, Muhammad v. State, supra.* In making this determination, we view the evidence in the light most favorable to the State. *Green v. State, Thompson v. State, Muhammad v. State, supra.*

Arkansas Code Annotated section 16-43-212(a) (1987) states:

(a) The prosecuting attorneys and their deputies may issue subpoenas in all criminal matters they are investigating and may administer oaths for the purpose of taking the testimony of witnesses subpoenaed before them. Such oath when administered by the prosecuting attorney or his deputy shall have the same effect as if administered by the foreman of the grand jury.

■ The subpoena power of the prosecuting attorney was statutorily created by the General Assembly to implement the power of prosecutors to bring criminal charges by information. *Echols v. State*, 326 Ark. 917, 936 S.W.2d 509 (1996). It was designed to take the place of a grand jury. *Id.* The emergency clause of the statute states that it was enacted to enable prosecutors to properly prepare criminal cases. *Id.* Prosecuting attorneys have an affirmative duty to investigate crime. *Streett v. Stell*, 254 Ark. 656, 495 S.W.2d 846 (1973). The prosecutor's power to subpoena must be used only for a prosecutor's investigation. *State v. Hamzy*, 288 Ark. 561, 709 S.W.2d 397 (1986). The police do not have the authority to issue subpoenas. *Id.* The prosecutor's power to subpoena must only be used as an investigatory tool and not as a tool for a police investigation. *Id.* In *Echols v. State, supra*, the prosecutor subpoenaed school records of one of the appellants. The court found that he did so in order to investigate and prepare for trial. Therefore, he did not abuse his subpoena power.

■ In the case at bar, Goins testified that the records were not subpoenaed for police purposes, but that he merely acted as a courier by delivering the subpoena to the health department and by delivering the records to the prosecutor's officer. The prosecutor stated that she had subpoenaed the records in order to investigate reports that the appellant had exposed others to the HIV virus in violation of Ark. Code Ann. § 5-14-123. Because the prosecu-

tor used the subpoena as a tool for her investigation, and not for police purposes, we cannot say that the court erred in denying appellant's motion to suppress.

A search warrant in this case was not needed since a prosecutor is at liberty to procure such information through the use of a subpoena. Arkansas Code Annotated § 20-15-904 states:

> (a) A person with Acquired Immunodeficiency Syndrome (AIDS) or who tests positive for the presence of Human Immunodeficiency Virus (HIV) antigen or antibodies is infectious to others through the exchange of body fluids during sexual intercourse and through the parenteral transfer of blood or blood products and under these circumstances is a danger to the public.
>
> (b) A physician whose patient is determined to have Acquired Immunodeficiency Syndrome (AIDS) or who tests positive for the presence of Human Immunodeficiency Virus (HIV) antigen or antibodies shall immediately make a report to the Arkansas Department of Health in such manner and form as the department shall direct.
>
> (c) All information and reports in connection with persons suffering from or suspected to be suffering from the diseases specified in this section shall be regarded as confidential by any and every person, body, or committee whose duty it is or may be to obtain, make, transmit, and receive such information and reports. *However, any prosecuting attorney of this state may subpoena such information as may be necessary to enforce the provisions of this section and 5-14-123 and 16-82-101, provided that any information acquired pursuant to such subpoena shall not be disclosed except to the courts to enforce the provisions of this section.* (Emphasis added.)

Because the prosecutor was investigating a crime, and because the General Assembly has stated that prosecuting attorneys are privy to the information in the medical records when investigating cases involving HIV exposure in violation of Ark. Code Ann. § 5-14-123, we hold that a search warrant was not needed; therefore, the court did not err in denying the appellant's motion to suppress.

Affirmed.

NEAL AND CRABTREE, JJ., agree.