Mr. David L. Gibbons Prosecuting Attorney Fifth Judicial District Post Office Box 3080 Russellville, AR 72811
Dear Mr. Gibbons:
You have presented the following questions for my opinion:
 (1) Does a city attorney have the power to issue subpoenas for medical records in relation to criminal cases, including tests determinative of a criminal defendant's blood alcohol concentration?
 (2) Does a city attorney have the power to issue subpoenas for telephone records in relation to criminal cases?
 (3) Does a city attorney have the power to issue subpoenas for any type of record which could be used in a criminal trial if such record was a relevant piece of evidence in a criminal case that he was prosecuting?
Response
Question 1 — Does a city attorney have the power to issue subpoenas formedical records in relation to criminal cases, including testsdeterminative of a criminal defendant's blood alcohol concentration?
It is my opinion, as explained more fully below, that the answer to this question will depend upon various factors concerning the medical records for which the city attorney issues a subpoena.
As an initial matter, I note that one of my predecessors opined that in connection with the prosecution of cases involving misdemeanor violations of state law within a city's limits, city attorneys have all of the same prosecutorial powers held by prosecuting attorneys, regardless of whether they have been "deputized" by the prosecuting attorney. See Op. Att'y Gen. No. 95-363. I concur with that conclusion. It is based on the view that the legislature has imposed upon city attorneys the responsibility for prosecuting misdemeanor state law violations that occur within city limits, see A.C.A. § 16-21-150, and this purpose can only be carried out by inferring a concurrent grant by the legislature to city attorneys of full authority to exercise incidental prosecutorial power. The conclusion is further bolstered by Weems v. Anderson, 257 Ark. 376, 510 S.W.2d 895
(1974) and by Rule 1.6(b)(ii), Ark. Rules of Crim. P. (see discussion in Op. Att'y Gen. No. 95-363).
Because I concur in the view that city attorneys have all of the same prosecutorial powers held by prosecuting attorneys in connection with the prosecution of cases involving misdemeanor violations of state law within a city's limits, the question thus becomes whether prosecuting attorneys may issue subpoenas for the types of medical records that you have described.
Prosecuting attorneys are granted the authority to issue subpoenas in A.C.A. § 16-43-212, which states in pertinent part: "The prosecuting attorneys and their deputies may issue subpoenas in all criminal matters they are investigating and may administer oaths for the purpose of taking the testimony of witnesses subpoenaed before them." A.C.A. §16-43-212(a). This grant of authority is widely interpreted to include the authority to issue subpoenas for records, generally. See, e.g.,Weaver v. State, 66 Ark. App. 249, 990 S.W.2d 572 (1999); Echols v.State, 326 Ark. 917, 936 S.W.2d 509 (1996).
However, the prosecutor's subpoena power is limited. First, it can only be used in aid of a prosecution — not as a tool for a police investigation,[1] id. — and the court will reverse a conviction that was based upon evidence procured through a prosecutor's misuse of this subpoena power. See State v. Hamzy, 288 Ark. 561, 709 S.W.2d 397 (1986);Foster v. State, 285 Ark. 363, 687 S.W.2d 829 (1985); Duckett v. State,268 Ark. 687, 600 S.W.2d 18 (Ark.App. 1980). Moreover, certain records are not accessible, even through an authorized subpoena. Certain confidential medical records held by a hospital can fall into this category of records, unless the subject of those records gives consent to their disclosure.
The Hospital Records Act, A.C.A. § 16-46-301 et seq., permits the subpoena of medical records maintained by a hospital's medical records department. However, such records provided in response to a subpoena must be placed under seal by the custodian of the records, and can be opened only under circumstances described as follows in the Act:
 Unless the sealed envelope or wrapper is returned to the custodian who is to appear personally, the copy of the records shall remain sealed and shall be opened only at the time of trial, deposition, or other hearing, upon the direction of the judge, court, officer, body, or tribunal conducting the proceeding, in the presence of all parties who have appeared in person or by counsel at such trial, deposition, or hearing. Before directing that the inner envelope or wrapper be opened, the judge, court, officer, body, or tribunal shall first ascertain that either: 
 (1) The records have been subpoenaed at the instance of the patient involved or his counsel of record; or
 (2) The patient involved or someone authorized in his behalf to do so for him has consented thereto and waived any privilege of confidentiality involved.
 Records which are not introduced in evidence or required as part of the record shall be returned to the person or entity from whom received.
A.C.A. § 16-46-304 (emphasis added).
The above-quoted restrictions apply in the context of a criminal proceeding. See McVay v. State, 312 Ark. 73, 847 S.W.2d 28 (1993); Mosleyv. State, 22 Ark. App. 29, 732 S.W.2d 861 (1987). However, it should be noted that the Hospital Records Act defines the term "records," and the definition does not apply to all medical records. That definition is stated as follows:
 (2)(A) "Records" means hospital records or medical records and includes an admitting form, discharge summary, history and physical, progress notes, physicians' orders, reports of operations, recovery room records, lab reports, consultation reports, medication records, nurses' notes, and other reports catalogued and maintained by the hospital's medical record department.
 (B) However, "records" shall not mean and include X-rays, electrocardiograms, and similar graphic matter.
A.C.A. § 16-46-301(2).
I interpret the above-quoted limiting definition of "records" to mean that records not falling within the definition are not subject to the Act's sealing restrictions. Thus, medical records that do not fall within this definition (and that are not otherwise restricted) are generally subject to subpoena, free from the sealing restriction of the Medical Records Act. The Arkansas Supreme Court has specifically held that records reflecting the results of blood tests do not fall within the Act's definition of "records," and are therefore admissible even if the requirements of the Act have not been complied with. McVay, supra; Oxfordv. Hamilton, 297 Ark. 512, 720 S.W.2d 905 (1989). Thus, blood tests appear to be generally subject to subpoena, free from the sealing restriction set forth above.[2] The same appears to be true of medical records that are not maintained in a hospital's medical records department. For example, the Act's definition of "records" appears to exclude medical records that are maintained in a doctor's office.
Based upon the above-discussed principles, I conclude that the question of whether prosecutors and city attorneys can subpoena medical records will depend upon several factors, including the specific type of record in question (i.e., whether the record is a blood test, an x-ray, a progress report, etc.), and whether such records are maintained in a hospital's medical record department, or elsewhere. If the records in question fall within the Hospital Records Act's definition of "records," they are not accessible through the prosecutor's subpoena power without the consent of the defendant. If, however, the records in question do not fall within the Act's definition of "records," and are not otherwise restricted from disclosure, they are subject to the prosecutor's (and thus the city attorney's) subpoena power.[3]
Question 2 — Does a city attorney have the power to issue subpoenas fortelephone records in relation to criminal cases?
It is my opinion that a city attorney does have the power to issue subpoenas for telephone records in relation to the investigation of criminal cases. As discussed in response to Question 1, above, city attorneys have the same subpoena power as prosecuting attorneys in connection with the prosecution of misdemeanor violations of state law that occur within city limits. As also previously noted, this subpoena power can be used only as a prosecutorial tool. See State v. Hamzy,288 Ark. 561, 709 S.W.2d 397 (1986); Foster v. State, 285 Ark. 363,687 S.W.2d 829 (1985). It is my opinion that the subpoena power of prosecuting attorneys (and thus city attorneys), as stated in A.C.A. §16-43-212(a), is broad enough to include the power to subpoena any record the disclosure of which is not restricted by some other law. Although the general disclosure of telephone records by certain entities may be restricted by various federal privacy laws (e.g., the Fair Credit Reporting Act (15 U.S.C. § 1681 et seq.), such restrictions usually exempt the disclosure of records in response to a subpoena that has been issued as a part of a criminal investigation. See, e.g.,15 U.S.C. § 1681b(a)(1).
Question 3 — Does a city attorney have the power to issue subpoenas forany type of record which could be used in a criminal trial if such recordwas a relevant piece of evidence in a criminal case that he wasprosecuting?
As indicated in response to the previous two questions, the power of city attorneys to issue subpoenas for records depends largely upon the types of records for which the subpoena is issued. As a general matter, however, city attorneys do have the power, pursuant to A.C.A. §16-43-212(a), to issue subpoenas for records the disclosure of which is not otherwise restricted, if such subpoenas are issued for prosecutorial purposes. Both state and federal law should always be consulted to determine whether the disclosure of any particular record by any particular person or entity is restricted, and whether such restrictions can be overridden by a duly authorized subpoena.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
[1] Although the distinction between a permissible prosecutor's subpoena and an impermissible use of a subpoena to aid a police investigation is not entirely clear, it is perhaps best illustrated byHamzy and Duckett, infra. In Hamzy, the prosecutor issued a subpoena for telephone company records so that the police could determine an address for which it obtained a search warrant to find gambling paraphernalia. The court held that this use of the prosecutor's subpoena power was improper. In Duckett, the prosecutor issued a subpoena to obtain the presence of witnesses for interrogation by the police, and did not participate in the questioning. The court held this use of the prosecutor's subpoena power also to be improper.
[2] You have not asked about the admissibility at trial of medical records, including blood tests, and I do not analyze that issue herein. However, I note that the requirements of the Omnibus DWI Act (A.C.A. §5-65-101 et seq.) and the regulations of the Department of Health concerning the administration of blood tests, as well as the Rules of Evidence, must be consulted in analyzing the issue. See McVay, supra, andOxford, supra.
[3] It should be noted that the federal Health Insurance Portability and Accountability Act [P.L. 104-191; 110 Stat. 1936] imposes significant restrictions on the disclosure by health care providers of the medical records of their clients. However, an exception to these restrictions is a disclosure that is made in the course of a criminal proceeding for law-enforcement purposes, such as an investigation, including a disclosure made in response to a subpoena. See 45 C.F.R. § 164.512(f).